# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

CWCAPITAL ASSET MANAGEMENT, L.L.C., in its capacity as special servicer for WELLS FARGO BANK, N.A., as successor by merger with WELLS FARGO BANK MINNESOTA, N.A., and as trustee for the registered holders of GE CAPITAL COMMERCIAL MORTGAGE CORPORATION, Commercial Mortgage Pass-Through Certificates, Series 2002-1,

        Plaintiff,

v.

VILLA DIANN & HILLCREST ESTATES, L.L.C., a limited liability corporation,

        Defendant.

No. 3:08-cv-00393-slc

_____/

## ORDER SETTLING AND APPROVING RECEIVER'S FINAL ACCOUNTING, DISCHARGING RECEIVER AND EXONERATING ALL BONDS

The Motion of William J. Hoffman, Receiver, to Discharge the Receiver, Exonerate All Bonds and Filing the Receiver's Final Accounting having been filed on October 9, 2009; and

The Court, having considered the pleadings and all supporting documents, including its Minute Order entered October 27, 2009, and the Receiver's request to have the Court's Minute Order be included in the record of this proceeding as a formal Order, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUGDGED AND DECREED that:

1.    The Receiver's Final Report and Account are approved.

2. Any unpaid bills or obligations attributable to the receivership period that are of the receivership estate received or discovered after the termination f the Receivership estate shall be the responsibility of Plaintiff.

3. The Receiver's acts, transactions, and all of its action during its administration disclosed in the pleadings filed with this Court as being right, and proper and in the best interest of the receivership estate and the parties to this action are hereby ratified.

4. This Court orders the plaintiff to pay the cash shortfall of $10,226.76 into the Receivership estate.

5. Receiver and the management company employed by the Receiver is hereby authorized to abandon and/or destroy any and all business records relating to Receivership estate that are in their possession or in custody, if not claimed by a Party, in writing, addressed to the Receiver or Management Company, respectively, within 120 days of entry of this Order. Any party claiming such records must pay for all costs of delivery.

6. The Receiver, its agents, or the management company employed by the Receiver shall not be held liable in any manner for any outstanding obligations and debts of Receivership estate, or of the Parties herein, known and unknown. The Receiver shall not be liable to any person or entity, including taxing authorities.

7. The Receiver, its agents, or the management company employed by the Receiver shall not be liable for any known or unknown environmental issues related to the property.

8. Furthermore, the Receiver, its agents or the management company employed by the Receiver shall have no liability in connection with any construction that took place prior to the Receivership or during the Receivership period.

9. Upon faithful completion of any final acts ordered by the Court, the Receiver is hereby discharged from his official duties, his bond, sureties, accountants, employees and agents, and each of them are fully exonerated from all liability as provided by law.

10. This Receivership Court reserves exclusive jurisdiction over any claim or claims asserted against the Receiver and the management company employed by the Receiver for their respective services herein and all issues that were part of the subject matter of the Receivership and this Order or that have arisen or may arise therefrom.

8. This Order is effective forthwith. Notice of performance of any of the foregoing Orders is not required to make this Order effective.

Dated this 23rd day of November, 2009.

_____
Honorable Stephen Crocker
Magistrate of the District Court